IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-4-BO

| | |
|---|---|
| ROBERT L. HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on December 19, 2012, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of Commissioner denying his claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act.

Plaintiff protectively applied for SSI on February , 2008, alleging disability since February 2, 2008. His claims were denied initially and on reconsideration. On November 12, 2010, an Administrative Law Judge (ALJ) held a video-hearing at which plaintiff, his counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on February 25, 2011, finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on November 3, 2011. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in substantial gainful activity since his application date at step one, the ALJ found at step two that plaintiff had the following severe impairments: psychotic disorder NOS, residual effects of open reduction with internal fixation surgery on left hip, arthritis in the bilateral knees, degenerative joint disease in right hand, and back pain. The ALJ found that plaintiff's impairments did not meet or equal a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform unskilled sedentary work. The ALJ went on to

find at step four that plaintiff could not perform his past relevant work, but found that considering plaintiff's age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

An ALJ is required to evaluate every medical record received. 20 C.F.R. § 1527. Plaintiff underwent intelligence quotient testing with Dr. Silver in June 2010 resulting in a full-scale IQ score of 43. Tr. 448. Though Dr. Silver questioned plaintiff's motivation and effort related to the IQ test, he ultimately opined that plaintiff "probably is mentally retarded." Tr. 449. The ALJ afforded Dr. Silver's opinion some weight in light of the supposed unreliability of plaintiff's IQ score due to his own lack of effort. Tr. 19.

An ALJ has a duty to develop the record, even if the claimant is represented. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). In order to develop the record, an ALJ may request additional evidence, including physical examinations or tests. 20 C.F.R. § 416.917. "Moreover, evidentiary gaps that result in unfairness or clear prejudice require a remand." *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003) (citing *Brown v. Shalala,* 44 F.3d 931, 935-36 (11th Cir.1995); *Marsh v. Harris,* 632 F.2d 296, 300 (4th Cir.1980)). In light of Dr. Silver's opinion that plaintiff is mentally retarded, though perhaps not as severely as his IQ result would suggest, the lack of a valid IQ score would amount to an evidentiary gap that results in unfairness in this matter.[1] Furthermore, apparently because he afforded Dr. Silver's opinion only "some

---

[1] While an ALJ may reject an IQ score in the record, *Hancock v. Astrue*, 667 F.3d 470, 475 (4th Cir. 2012), the record, including Dr. Silver's opinion that plaintiff *is* mentally retarded despite any inaccuracy of the test and plaintiff's work history of unskilled or semi-skilled labor, does not necessarily contradict a finding that plaintiff is mentally retarded.

3

weight," the ALJ failed to address the applicability of Listing 12.05 pertaining to mental retardation. Upon remand the ALJ should consider any additional IQ testing, plaintiff's school records, and evidence related to any deficits in adaptive functioning if appropriate. Listing 12.05; *Cook*, 783 F.2d 1173.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED, defendant's motion for judgment on the pleadings [DE 28] is DENIED, and this matter is REMANDED to the Commissioner for further consideration consistent with this opinion.

SO ORDERED, this ___4___ day of ~~January~~ February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4